**RECEIVED**

## IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS

MAY  8 2008  aw
MAY 6 2008
**MICHAEL W. DOBBINS**
**CLERK, U.S. DISTRICT COURT**

United States of America ex rel.

TIMOTHY JONES  B83715
(Full name and prison number)
(Include name under which convicted)

PETITIONER

vs.
WARDEN - McCANN
(Warden, Superintendent, or authorized
person having custody of petitioner)

RESPONDENT, and

**(Fill in the following blank only if judgment
attacked imposes a sentence to commence
in the future)**

ATTORNEY GENERAL OF THE STATE OF

_____
(State where judgment entered)

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**08CV2614**
**JUDGE MANNING**
**MAGISTRATE JUDGE DENLOW**

Case Number of State Court Conviction:

2003 CF 85

### PETITION FOR WRIT OF HABEAS CORPUS – PERSON IN STATE CUSTODY

1.  Name and location of court where conviction entered: Randolph Co. Court House
Chester Illinois

2.  Date of judgment of conviction: Nov 27/2003

3.  Offense(s) of which petitioner was convicted (list all counts with indictment numbers, if known)
Red Crim Sex Assault

4.  Sentence(s) imposed: 90 Month's at 85% with 3yrs MSR

5.  What was your plea?  (Check one)
    (A) Not guilty     ( )
    (B) Guilty          { } BUT WAS coHerst by Attny.
    (C) Nolo contendere ( )

If you pleaded guilty to one count or indictment and not guilty to another count or indictment, give details:

## PART I – TRIAL AND DIRECT REVIEW

1. Kind of trial: (Check one):      Jury ( )      Judge only (X)

2. Did you testify at trial?    YES ( )      NO (X)

3. Did you appeal from the conviction or the sentence imposed? YES (X) NO ( )

   (A) If you appealed, give the

      (1) Name of court: RANDOLPH CO. COURT

      (2) Result: Appeal Denied - (Withdraw guilty plea)

      (3) Date of ruling: 2004 (See transcipts)

      (4) Issues raised: INEFFective Assistance OF Counsel, Cohertion OF Attorney to take A Gilty Plea, Wheking my CASE with A Conflict OF internce, fileng withdraw from my CASE Moten AND lieing on DAtes. Court AD monishments.

   (B) If you did not appeal, explain briefly why not: 

4. Did you appeal, or seek leave to appeal, to the highest state court? YES (X)    NO ( )

   (A) If yes, give the

      (1) Result Denied

      (2) Date of ruling: 2006 (See court documents) + tRANSCripts)

      (3) Issues raised: Conflict of interence of Attorney. No MARawdes Rights, Court did NOT AOmonish me of Rights AND WAS MISSING PronGs. AND Sentence me To the Highest charge. Without ME having No other CHARGES OF this.

   (B) If no, why not: 

5. Did you petition the United States Supreme Court for a writ of *certiorari*? Yes ( )    No (X)

   If yes, give (A) date of petition: _____    (B) date *certiorari* was denied: _____

## PART II — COLLATERAL PROCEEDINGS

1. With respect to this conviction or sentence, have you filed a post-conviction petition in state court?

YES (X)    NO ( )

   With respect to *each* post-conviction petition give the following information (use additional sheets if necessary):

   A.  Name of court:  RANDOLPH CO.

   B.  Date of filing:  2006

   C.  Issues raised:  Ineffective Ass. of Council, Court Admonishments, No Maranda
        Warnings (Please see court transcripts)


   D.  Did you receive an evidentiary hearing on your petition?    YES ( )    NO (X)

   E.  What was the court's ruling?    Denied & frivolous

   F.  Date of court's ruling:    2006

   G.  Did you appeal from the ruling on your petition?    YES ( )    NO (X)

   H.  (a)  If yes,    (1) what was the result?

            (2) date of decision:

       (b)  If no, explain briefly why not:  I HAVE CANCER NON Hodgkins AND could not file.
                                              (SICK)

   I.  Did you appeal, or seek leave to appeal this decision to the highest state court?

       YES (X)  NO ( )

       (a)  If yes,    (1) what was the result?    Denied

                       (2) date of decision:    2007    See Court transcripts (Please)

       (b)  If no, explain briefly why not:

2. With respect to this conviction or sentence, have you filed a petition in a **state court** using any other form of post-conviction procedure, such as *coram nobis* or habeas corpus?   YES (X)      NO ( )

   A. If yes, give the following information with respect to each proceeding (use separate sheets if necessary):

      1. Nature of proceeding     *Hebeas Corpas*

      2. Date petition filed     *2007*

      3. Ruling on the petition     *"Denied" (over the teliphone)*

      3. Date of ruling     *2007*

      4. If you appealed, what was the ruling on appeal?     *Attorney called, Told me he was withdrawing*

      5. Date of ruling on appeal     *2008*

      6. If there was a further appeal, what was the ruling ?     _____

      7. Date of ruling on appeal _____

3. With respect to this conviction or sentence, have you filed a previous petition for habeas corpus in **federal court**?
      YES ( )   NO (X)

   A. If yes, give name of court, case title and case number: _____

_____

   B. Did the court rule on your petition?  If so, state

      (1) Ruling: _____

      (2) Date: _____

**4. WITH RESPECT TO THIS CONVICTION OR SENTENCE, ARE THERE LEGAL PROCEEDINGS PENDING IN ANY COURT, OTHER THAN THIS PETITION?**

YES ( )   NO (X)

If yes, explain: _____

_____

**PART III — PETITIONER'S CLAIMS**

1. State briefly every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. You may attach additional pages stating additional grounds and supporting facts. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds later.

**BEFORE PROCEEDING IN THE FEDERAL COURT, YOU MUST ORDINARILY FIRST EXHAUST YOUR STATE COURT REMEDIES WITH RESPECT TO EACH GROUND FOR RELIEF ASSERTED.**

(A) Ground one _The Court Erred by Denying defendant Motion to with_
Supporting facts (tell your story briefly without citing cases or law):

Draw his Guilty Plea. Was suppose to tell me what 85% ment what the rules were (proceedings). I Am from Missouri And The Laws of the court are very different. I DID NOT Know The ILLINOIS LAWS As Th Court SAYS. My Attorney lied, filed a Motion to withdraw 2 days before telling me. then tricks me by lieing to me to take a guilty Plea. Then Ask Judge to withdraw his withdraw Motion. Judge Grants it No question ask.


(B) Ground two _Attorney WAS working under A conflict of Interest_
Supporting facts:

An - Telling (Corhersion) me to Plead guilty to this. That I would get Probation Even though he Knew I was NOT guilty of this (NO Evidence AT ALL)


MANY Constutunicl Rights were Violated I feel I was done very wrong, This plea was enterd on A day I was NOT even To Be IN Court... Please help me to Clear this Some how All the Discovery and Transcripts will Show I'm inisent.. AND I Need a Attorney that will be on my side for once.

(C) Ground three   Court Let Attorney work under A Conflict
Supporting facts: of Intence, Not Asking Any questions to why A motion to withdraw was filed.   Also states Attorney withdrew from my case (Randy Roldwald) then came back on the case and Argued Appelett court Argument & Brief. Contact Displenary Action, was told Nothing can be done to help me.

_____

(D) Ground four   Court let Attorney Proceed on my case
Supporting facts: After filing withdraw motion. And only Asking court to withdraw his withdraw motion. was granted   I've been Asking for Some one to Please Look into my case. It is one of "THOSE" cases.   I Did Not hurt Any child. and it would be seen if it was Looked At.   I Need An Attorney to help me.

_____

2   Have all grounds raised in this petition been presented to the highest court having jurisdiction?
YES (X)   NO ( )

3.   If you answered "NO" to question (16), state briefly what grounds were not so presented and why not:

_____

_____

## PART IV -- REPRESENTATION

Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(A) At preliminary hearing   Richard Brown - Chester IL

(B) At arraignment and plea   None

(C) At trial   Herbert Lantz Jr Bellville, IL.

(D) At sentencing   Herbert Lantz Jr Belleville IL

(E) On appeal   Tracy Welge Chester IL.

(F) In any post-conviction proceeding   Pro-Se

(G) Other (state):   Appellett Court Page Clark Strawn   Mt. Vernon. IL

## PART V -- FUTURE SENTENCE

Do you have any future sentence to serve following the sentence imposed by this conviction?

YES ( )   NO (X)

Name and location of the court which imposed the sentence:   Randolph Co Court

Date and length of sentence to be served in the future   None

WHEREFORE, petitioner prays that the court grant petitioner all relief to which he may be entitled in this proceeding.

Signed on: 4-22-08
             (Date)                                    _____
                                                       Signature of attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct.

                                                       _____
                                                       (Signature of petitioner)
                                                       B 83715
                                                       (I.D. Number)
                                                       Po Box 112 Joliet, IL. 60434
                                                       (Address)

REVISED 01/01/2001

No. 3-07-0351

## IN THE APPELLATE COURT OF ILLINOIS

## THIRD JUDICIAL DISTRICT

| | |
|---|---|
| **TIMOTHY JONES,** | ) Appeal from the Circuit Court of the |
| | ) Ninth Judicial Circuit, |
| Defendant-Appellant, | ) Fulton County, Illinois. |
| | ) |
| -vs- | ) No. 07-MR-07 |
| | ) |
| **AUSTIN RANDOLPH, JR., Warden,** | ) |
| **Illinois River Correctional Center,** | ) Honorable |
| | ) John Clerkin |
| Plaintiff-Appellee. | ) Judge Presiding |

### MOTION TO WITHDRAW AS COUNSEL ON APPEAL
### PURSUANT TO *PENNSYLVANIA v. FINLEY*

Now comes Jay Wiegman, Assistant Defender, Office of the State Appellate Defender, Third Judicial District, appointed counsel for the defendant, Timothy Jones, in the above-entitled cause, and moves that this Court grant the Office of the State Appellate Defender leave to withdraw as counsel for the defendant because, after thorough review of the record, counsel has concluded that the instant appeal presents no issue of merit upon which the defendant could expect to gain relief.

In support thereof, he states as follows:

1. Defendant pled guilty to predatory criminal sexual assault of a child, a Class X felony in violation of 720 ILCS 5/12-14.1 (West 2006), on October 28, 2003, and was sentenced, on November 26, 2003, to a term of 90 months in the Illinois Department of Corrections. A motion to withdraw plea was timely filed, and then an amended motion to withdraw plea was filed on March 1, 2005. That motion was denied on May 17, 2005. Notice of appeal was timely filed on June 8, 2005.

2. On appeal, defendant contended that the trial court erred in denying defendant's motion to withdraw his guilty plea because the record did not reflect that his guilty

Page 2

plea was entered knowingly and voluntarily, and that he had demonstrated that his attorney was operating under a conflict of interest, and thus defendant did not receive the effective assistance of counsel. The Fifth District Appellate Court affirmed the defendant's convictions on direct review. *People v. Timothy Jones,* No. 5-05-0356 (5th Dist. June 1, 2006) (unpublished) (copy attached as Appendix).

3. On January 26, 2007, defendant filed a *pro se* Petition for Habeas Corpus Relief (the *habeas* petition) (C4). 735 ILCS 5/10-102 *et seq.* (West 2006). That *habeas* petition underlies this appeal. Defendant asserted that the statute under which he had been convicted had been declared unconstitutional by the Illinois Supreme Court in *Johnson v. Edgar,* 176 Ill. 2d 499, 680 N.E.2d 1372 (1997) (C4). Defendant also claimed that "section, (a)(1) of the Predatory Criminal Sexual Assault of a Child Statute is predicated to the offense of Criminal Sexual Assault, (a),(3) in violation of the Illinois Constitution, Article 1, 11" (C4).

4. The Attorney General's Office filed a motion to dismiss defendant's complaint asserting, in part, that defendant's claim did not affect the jurisdiction of the court in which he was convicted, nor did it allege a post-conviction event that would entitle him to immediate relief (C26).

5. On May 2, 2007, the circuit court, concerned about whether defendant had the right to be present in *habeas corpus* proceedings, requested that the State submit cases on the issue (R58). The court ultimately determined that defendant had no absolute right to be present (C42, R61), but nonetheless provided for defendant to be present via a telephone conference (R61). The circuit court granted the State's

Page 3

motion to dismiss, concluding that any constitutional defects which may have been present in the Public Act were resolved by curative legislation (C42, R62).

6. A timely notice of appeal was filed on May 18, 2007 (C43). The State Appellate Defendant was appointed to represent defendant (C52).

7. After careful review of the record, undersigned counsel has found no error that would entitle the defendant to relief from this Court. Accordingly, counsel must request leave to withdraw.

8. Initially, relief is not warranted because the petition failed to state a claim for *habeas corpus* relief. Section 10-124 of the Code of Civil Procedure (735 ILCS 5/10-124 (West 2004)) sets forth seven specific instances that entitle a prisoner to *habeas corpus* relief. Those seven instances fall into two general categories -- either the trial court lacked jurisdiction or there has been some occurrence subsequent to the prisoner's conviction that entitles him to release. *People v. Gosier*, 205 Ill. 2d 198, 205, 792 N.E.2d 1266, 1270 (2001). If neither of those two instances is applicable, *habeas* relief is not appropriate, even if the alleged errors involve a denial of constitutional rights. *Gosier*, 205 Ill. 2d at 205, 792 N.E.2d at 1270. Though the defendant's petition sought *habeas corpus* relief, none of his claims (1) challenged the trial court's original jurisdiction to impose sentence or (2) suggested that some post-sentencing occurrence entitled him to immediate release from prison. Therefore, he was not entitled to *habeas corpus* relief.

9. Further, undersigned counsel must also request leave to withdraw because there is no provision in the Habeas Corpus Act for the appointment of counsel, and there is no statutory authority for the appointment of undersigned counsel under the State

Page 4

Appellate Defender Authorization Act because *habeas corpus* proceedings are civil in nature. *Alexander v. Pearson*, 354 Ill App 3d 643, 821 NE2d 728 (1st Dist. 2004). 725 ILCS 105/10 (a) (West 2006).

10. In *Pennsylvania v. Finley*, 481 U.S. 551, 107 S. Ct. 1990, 95 L. Ed. 2d 539 (1987), the United States Supreme Court held that in an appeal from collateral proceedings the petitioner is entitled only to "an independent review of the record by competent counsel." *Finley*, 481 U.S. at 557-58, 107 S. Ct. at 1994, 95 L. Ed. 2d at 547-48. Our Supreme Court has ruled that *Finley* applies in Illinois where the right to an appeal and appellate counsel in collateral proceedings is conferred by statute and not our constitution. *People v. Porter*, 122 Ill. 2d 64, 521 N.E.2d 1158 (1988); 725 ILCS 5/122-7 (West 2006). In light of *Finley* and *Porter*, undersigned counsel must request leave to withdraw because, after careful review of the record, undersigned counsel has found no error that would entitle the defendant to relief from this Court.

11. Counsel has informed the defendant, by telephone and in a letter dated this day, that this motion would be filed in the Appellate Court. The defendant was provided with a copy of this motion and was further informed that any objections to this motion should be addressed to the Appellate Court within 35 days of its being filed (*i.e.*, by Monday, May 5, 2008). The defendant was given the address of this Court for purposes of filing objections. Counsel also notified the defendant that he will not be appointed substitute counsel in the matter.

Page 5

**WHEREFORE**, undersigned respectfully requests that this Honorable Court permit him to withdraw as counsel on appeal.

_____
JAY WIEGMAN
Assistant Defender
Office of the State Appellate Defender
Third Judicial District
1100 Columbus Street
Ottawa Illinois 61350
(815) 434-5531

COUNSEL FOR APPELLANT

STATE OF ILLINOIS       )
                        )  SS
COUNTY OF LaSALLE       )

Under the penalties provided in law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this motion are true and accurate.

_____
JAY WIEGMAN
Assistant Defender

SUBSCRIBED AND SWORN TO
before me on March 31, 2008.

Roberta Eisert
NOTARY PUBLIC

```
Official Seal
Roberta J Eisert
Notary Public State of Illinois
My Commission Expires 01/04/2010
```

**<u>APPENDIX</u>**

NO. 5-05-0356

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

Decision filed 06/01/06. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

| | |
|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) Appeal from the |
| | ) Circuit Court of |
| Plaintiff-Appellee, | ) Randolph County. |
| | ) |
| v. | ) No. 03-CF-85 |
| | ) |
| TIMOTHY D. JONES, | ) Honorable |
| | ) Jerry D. Flynn, |
| Defendant-Appellant. | ) Judge, presiding. |

**FILED**

JUN 0 1 2006

LOUIS E. COSTA
CLERK APPELLATE COURT, 5th DIST.

## R U L E  2 3  O R D E R

Timothy D. Jones, the defendant, pleaded guilty in Randolph County circuit court to predatory criminal sexual assault of a child, a Class X felony (720 ILCS 5/12-14.1(a)(1) (West 2002)), and was sentenced to serve 7½ years' imprisonment. The defendant contends that the denial of his motion to withdraw his negotiated plea was an abuse of the trial court's discretion because the record does not reflect that his plea was entered knowingly and voluntarily. He asserts that he presented sufficient evidence at the hearing on his motion to withdraw his plea to establish that the warnings given to him by the court at the time of his plea were inadequate to apprise him of his right to persist in a plea of not guilty and to inform him of the maximum term of imprisonment to which his plea would expose him and that his attorney was "operating under a conflict of interest" that deprived him of his right to the effective assistance of counsel. He seeks the reversal of the trial court's order, the vacation of his conviction and sentence, and the remand of the case to the circuit court to allow him to plead anew.

1

## BACKGROUND

The record discloses the following. On May 23, 2003, the defendant was charged by information with one count of predatory criminal sexual assault, based on his April 13, 2003, act of placing his penis in the mouth of A.M.M., his paramour's eight-year-old daughter. The defendant was unsuccessful in his attempt to engage private counsel, and the public defender was appointed to represent him. He was advised at his May 29, 2003, arraignment that the range of sentences for the crime with which he was charged was 6 to 30 years' imprisonment. On September 10, 2003, Herbert J. Lantz, Jr. (Lantz), entered his appearance on behalf of the defendant, and the public defender withdrew from representing the defendant. On October 27, 2003, Lantz moved to withdraw from representing the defendant. The motion asserted that a conflict had arisen between the defendant and counsel regarding the disposition and handling of the case and that the defendant had failed to pay attorney fees as promised.

On October 28, 2003, counsel appeared with the defendant for a previously scheduled motion hearing. Counsel orally withdrew his motion to withdraw as counsel and told the court that a negotiated plea agreement had been reached with the State. In exchange for the defendant's plea of guilty to one count of predatory criminal sexual assault, the State had agreed to a sentencing cap of eight years' incarceration, with the understanding that the minimum sentence possible was six years in prison.

The court advised the defendant of the rights that he would be surrendering by pleading guilty. It went on to tell him that he would give up any defense to the charge if he entered a guilty plea. The defendant averred that he understood what was transpiring, that he did not need any more time to confer with counsel, that he was certain that he wanted to plead guilty, and that his plea was not the product of coercion. The court asked the defendant if he understood that the State had "agreed to recommend a sentence to the

2

Department of Corrections of no more than eight years" and that "probation was not even a possible sentence," and the defendant stated that he understood. The court later ascertained again that the defendant understood that any sentence "would have to be for a definite period of time, somewhere within that range of six to eight years" and that a term of three years' mandatory supervised release would be imposed.

The State presented a factual basis for the crime. It recited that A.M.M. had been participating in counseling as a result of having been sexually abused by her older brother. On April 17, 2003, A.M.M told her counselor that three days prior to her counseling session the defendant had asked her to show him what her brother had done to her and he then placed his penis in her mouth. The victim repeated the allegation to an Illinois State Police investigator and a Department of Children and Family Services agent, adding that she had said "yuck" when he compelled her to put his penis in her mouth. She also related that the defendant had told her that they would both get in trouble if she told anyone about the incident. The defendant initially denied the allegation, but he later admitted to the polygraph examiner that he had committed the act. He repeated his admission to the state police investigator and stated that the child said "yuck" after he had put his penis in her mouth and that he had told her that they both would get in trouble if she told anyone about the abuse. The defendant met in private with the victim's mother and admitted to her that he had sexually abused A.M.M. and that her child's allegations against him were true. The defendant's plea of guilty was accepted, and he was later sentenced to 90 months' imprisonment. He was advised of his appeal rights, and Lantz requested that he be allowed to withdraw from representing the defendant and that counsel be appointed to represent him on appeal. The court denied the motion "at least for the time being," pending the filing of some motion directed at the plea or sentence. On November 26, 2003, the defendant was sentenced to serve a prison term of 90 months.

3

On December 22, 2003, the defendant moved *pro se* to withdraw his plea. He asserted, *inter alia*, that Lantz had coerced him into pleading guilty by threatening him that he would receive a 20-year sentence if he did not do so. Newly appointed defense counsel filed an amended motion to withdraw the plea and a memorandum in support of the motion. She asserted that the defendant's plea was not intelligently and voluntarily made because the court had failed to admonish him of the statutory maximum term of imprisonment that was available upon a conviction or that he had a right to persist in a plea of not guilty. She also argued that plea counsel had provided inadequate assistance because the day before he advised the defendant to plead guilty, Lantz had moved to terminate his representation of the defendant because his fee had not been paid in full.

At the May 17, 2005, hearing on his motion, Lantz testified that on September 5, 2003, he was hired to represent the defendant. A.M.M.'s mother had sought him out to represent the defendant. On September 8, 2003, he met with the defendant in the county jail, received discovery materials, and was given a check for $1,100 toward the agreed-upon fee of $5,000. He gave the defendant additional time to raise the remainder of the fee, but the defendant failed to fulfill his obligation as he had agreed to do. When Lantz came to Randolph County on October 28, he was prepared to present the motion to withdraw as counsel, about which he had orally warned the defendant. However, the defendant asked him to forego withdrawing and to negotiate a deal with the State. Lantz testified that the defendant understood that the State had made a tremendous concession by agreeing to a sentencing cap of eight years' imprisonment. He believed that the defendant's plea was knowingly and intelligently entered.

The defendant testified that he was surprised by Lantz's motion to withdraw as counsel and that Lantz had coerced him into accepting the plea by telling him that he would pursue the motion to withdraw as counsel if the defendant refused to accept the plea. He

4

claimed, "[Counsel told] me that if I would plead guilty that they [sic] wasn't [sic] going to treat it as a Class X, that I would be saving the [S]tate a lot of money and time, that they didn't have nothing against me[,] and that I'd probably–most likely, he said, receive a year and possibly a $1,500 fine." The defendant maintained that counsel had assured him that if he pleaded guilty the State would "get up at the end of the trial and say, [']we recommend this probation and this fine,['] " and that the defendant should just "follow him" in responding to the court's questions and "everything would be fine." The court denied the amended motion to withdraw the plea, and on May 18, 2005, the court denied the defendant's motion in a written order.

## CONTENTIONS ON APPEAL

On appeal, the defendant contends that the denial of his motion to withdraw his plea was erroneous in light of the fact that the record substantiates that he had not been advised prior to the acceptance of his plea that he had a right to persist in his plea of not guilty and that the statutory maximum term of imprisonment for the crime was 30 years. Although he states that the lack of these admonishments "raises the question of whether his plea was knowing and voluntary," he does not affirmatively assert that his plea was actually involuntary due to the allegedly defective admonishments. He also claims that he proved that his plea attorney had a "conflict of interest" that prevented him from effectively representing the defendant and that this fact rendered his plea involuntary due to the inadequate assistance of counsel.

## STANDARD OF REVIEW

Leave to withdraw a plea of guilty is not granted as a matter of right; rather, leave to withdraw a guilty plea is granted as a matter of judicial discretion to rectify a manifest injustice under the facts involved. *People v. Pullen*, 192 Ill. 2d 36, 39-40, 733 N.E.2d 1235, 1237 (2000); *People v. Spriggle*, 358 Ill. App. 3d 447, 450, 831 N.E.2d 696, 700 (2005).

5

The defendant bears the burden of establishing that the grant of his motion to withdraw is necessary to avoid a manifest injustice. *People v. Harris*, 359 Ill. App. 3d 931, 936, 835 N.E.2d 902, 906 (2005). An abuse of judicial discretion exists only where the court's decision is arbitrary, fanciful, or unreasonable or where no reasonable person would adhere to the circuit court's view. *People v. Ursery*, No. 5-03-0744, slip op. at 7 (April 18, 2006).

### DISCUSSION

### I. Admonishments

The defendant contends that his plea was not knowing and voluntary because it was made without his having been admonished by the court that he had a right to persist in his plea of not guilty or that the maximum sentence that he could receive for a Class X felony was 30 years in prison.

Supreme Court Rule 402(a) (177 Ill. 2d R. 402(a)) requires the court to inform a defendant prior to accepting his guilty plea that, among other things, he has the right to plead not guilty or to persist in that plea if he has already done so, and the rule also requires the court to inform him of the possible minimum and maximum sentences available on a conviction. Substantial compliance with Rule 402(a) is sufficient to afford a defendant with due process. *People v. Whitfield*, 217 Ill. 2d 177, 195, 840 N.E.2d 658, 669 (2005). "Substantial compliance" means that although the trial court did not recite to the defendant, and ask the defendant if he or she understood, an item listed in Rule 402(a), the record nevertheless affirmatively and specifically shows that the defendant in fact understood that item. *People v. Walker*, 109 Ill. 2d 484, 498-99, 488 N.E.2d 529, 535 (1985); *People v. Dennis*, 354 Ill. App. 3d 491, 495, 820 N.E.2d 1190, 1193 (2004). "[A]n imperfect admonishment is not reversible error unless real justice has been denied or the defendant has been prejudiced by the inadequate admonishment." *Whitfield*, 217 Ill. 2d at 195, 840 N.E.2d at 669. The entire record may be considered to determine whether a defendant's plea was

6

knowing and voluntary despite the court's failure to admonish a defendant that he may persist in a plea of not guilty. *People v. Bennett*, 82 Ill. App. 3d 596, 599, 403 N.E.2d 50, 54-55 (1980).

The record in the instant case is sufficient to confirm that the defendant was aware that he had a right to reject the proffered negotiated plea and to persist in his plea of not guilty. He was informed at the arraignment that he was presumed to be innocent of the charge against him and that he had a right to have the case tried before a jury. The defendant was 42 years old and had a fairly extensive criminal history, having been prosecuted nine times prior to the present case. Between 1997 and 2001, he pleaded guilty in Illinois to failure to reduce speed to avoid an accident, speeding, driving under the influence of alcohol, and improper lane usage. In a fifth prosecution, he pleaded guilty in Missouri to driving while intoxicated and was sentenced to serve a prison term of five years in the penitentiary. His sentence was then suspended and he was sentenced to five years' probation. His Missouri probation was later suspended, and as of June 26, 2003, a petition to revoke his Missouri probation was pending in that state. Given his history, the defendant was doubtless familiar with the guilty plea process and the rights that he was giving up by accepting the negotiated plea in the instant case. The fact that a defendant possesses a level of familiarity with the court system should be considered in assessing whether the defendant was aware of his rights. *People v. Frey*, 103 Ill. 2d 327, 333, 469 N.E.2d 195, 197 (1984) (a defendant's familiarity with the court system should be considered in assessing whether he validly relinquished his right to a jury trial). The record of his responses to the court's queries underscores the conclusion that he was cognizant that he had a right to persist in his prior plea of not guilty and to reject the negotiated plea; he freely and voluntarily chose to take the outstanding deal that his counsel had negotiated with the State.

We find equally unavailing his contention that his plea was rendered involuntary by

7

the court's understatement of the maximum term of imprisonment that was available upon a conviction for a Class X felony. When the trial court understates the maximum possible penalty during admonishments but sentences the defendant within the limits as stated at the time of the plea, no prejudice results and the defendant is not entitled to withdraw his plea. *People v. Mendoza*, 342 Ill. App. 3d 195, 202, 795 N.E.2d 316, 322 (2003); *People v. Wilson*, 295 Ill. App. 3d 228, 692 N.E.2d 422 (1998); *People v. Rhoades*, 289 Ill. App. 3d 292, 681 N.E.2d 1084 (1997).

In the instant case, the court advised the defendant at the time of his arraignment that a conviction for a Class X felony carried with it the possibility of a sentence that ranged from 6 to 30 years' imprisonment. Five months later, at the time that the defendant entered his plea, the court underscored the fact that the plea agreement proffered by the State entailed a minimum sentence of six years' imprisonment with a sentencing cap of eight years' imprisonment. The defendant was actually sentenced to 90 months' imprisonment–6 months less than the maximum term under the agreement and only one quarter of the statutory maximum term of 30 years in prison for a Class X felony. The sentence was within the maximum term about which the defendant had been advised at the time of his plea. We find that no prejudice inured to the defendant through the trial court's failure to admonish of the maximum statutory prison term to which he could have been sentenced upon a conviction absent the negotiated plea agreement.

## II. Defense Counsel's Representation

The defendant contends that his plea was not knowingly and voluntarily entered because his failure to pay his attorney fees created a "conflict of interest" for counsel. He claims that counsel's advice that he accept the State's plea agreement was motivated by counsel's desire to cut his financial losses by terminating their relationship as quickly as possible. In support of his claim that plea counsel had a conflict of interest based on

8

financial considerations, the defendant alleges that Lantz filed his motion to withdraw as counsel "as a complete surprise to [him]." He asserts that the trial court should have asked Lantz at the guilty plea proceedings why he was withdrawing the motion to withdraw as counsel, which he had filed only the day before. The defendant contends, "Had the trial court done so, defense counsel would have testified just as he did much later, and it would have been clear that he had a per se conflict in representing defendant where counsel did not believe defendant would pay him (although he had no basis to believe so)."

The same standard of review for a claim of the ineffective assistance of counsel at a trial applies to a claim of ineffective assistance regarding a guilty plea. *People v. Correa*, 108 Ill. 2d 541, 485 N.E.2d 307 (1985). The claim of ineffective assistance of counsel is analyzed under the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984). Under the first prong of the *Strickland* test, a defendant must show that his counsel's performance was deficient, and the second prong requires that a defendant show that counsel's deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687, 80 L. Ed. 2d at 693, 104 S. Ct. at 2064. If it is easier to dispose of a defendant's claim of ineffective assistance on the grounds of a lack of prejudice, then a court need not examine whether counsel's performance was deficient. *Strickland*, 466 U.S. at 697, 80 L. Ed. 2d at 699, 104 S. Ct. at 2069.

Federal cases offer insight into this issue. In *Caderno v. United States*, 256 F.3d 1213 (11th Cir. 2001), the defendant claimed that his counsel had a financial conflict of interest based on the defendant's failure to pay fully his counsel's fees, which created a conflict between counsel's interests and his defense of the defendant. The federal court held that it was necessary for the defendant to "establish that an actual financial conflict existed by showing that his counsel actively represented his own financial interest during [the defendant's] trial, rather than showing the possibility of an actual financial conflict."

9

*Caderno*, 256 F.3d at 1218. The *Caderno* court found, " 'Although a "defendant's failure to pay fees may cause some divisiveness between attorney and client," courts generally presume that counsel will subordinate his or her pecuniary interests and honor his or her professional responsibility to a client.' " *Caderno*, 256 F.3d at 1219 (quoting *United States v. Taylor*, 139 F.3d 924, 932 (D.C. Cir. 1998) (quoting *United States v. O'Neil*, 118 F.3d 65, 71 (2d Cir. 1997))).

In *United States v. Felix-Carrazco*, Nos. CR-01-16-S-BLW, CV-04-64-S-BLW (D. Idaho 2006) (memorandum decision and order), the court found that even accepting as true the defendant's assertion that his counsel had demanded additional large attorney fees to present a defense, had visited the defendant's residence to obtain fees, had told his family that he would do no further work on the case, and had kept demanding more money to file an acquittal motion, the allegations "only suggest the *possibility* of an actual conflict and not that [counsel] actively represented his own financial interest during the proceedings." (Emphasis added.) *Feliz-Carrazco*, order at 6. In *Lopez v. Greiner*, 323 F. Supp. 2d 456 (S.D.N.Y. 2004), the defendant, who had pleaded guilty, contended that his counsel had provided inadequate assistance due to a conflict of interest, where two weeks before the trial, his attorney had sought to be relieved as counsel because the defendant could no longer afford to pay him, thus precluding counsel from pursuing avenues that counsel deemed essential to representing the defendant. The court ruled, "While failure to pay attorney's fees may give rise to 'some divisiveness between attorney and client,' *** the Court 'presume[s] that counsel will continue to execute his professional and ethical duty to zealously represent his client,' [citation], and hence, 'failure to pay fees or an attorney's motion to withdraw for his client's failure to pay, without more,' does not establish a conflict of interest." *Lopez*, 323 F. Supp. 2d at 469 (quoting *United States v. O'Neil*, 118 F.3d 65, 71 (2d Cir. 1997)).

In the instant case, the record substantiates that there is no need to speculate about

10

whether plea counsel was motivated by pecuniary considerations to rush the defendant into pleading guilty. The defendant claimed at the hearing on his motion to withdraw his plea that counsel had told him that he had made a deal with that State. He asserted that Lantz had told him that if the defendant pleaded guilty, the State "wasn't going to treat [the crime] as a Class X, that [the defendant] would be saving the [S]tate a lot of money and time, that they didn't have nothing against [him,] and that [he would] probably—most likely, [Lantz] said, receive a year and possibly a $1,500 fine." The defendant further asserted, "And he said if I didn't take it, I wouldn't have no [*sic*] attorney because he wasn't–he was going to go ahead with his motion to withdraw." Attorney Lantz also testified at the hearing on the defendant's motion to withdraw his plea. He stated that he had told the defendant in advance that he intended to move to withdraw from representing him but that the defendant had prevailed upon him to continue his representation to negotiate with the State to obtain a favorable plea agreement. Lantz was so successful in his negotiations with the State that the judge observed that Lantz "[had] negotiated a very reasonable plea agreement based on the evidence in this case." Moreover, Lantz testified that he "would have continued to represent [the defendant] to the best of [his] ability" had his motion to withdraw as counsel been heard and denied by the court.

Lantz's statement contrasted markedly with that of counsel in *People v. Falls*, 235 Ill. App. 3d 558, 601 N.E.2d 1276 (1992). In *Falls*, in a bench trial the defendant was convicted of murder, after his private counsel had attempted to withdraw from representing him because the defendant had failed to pay his attorney fee. Counsel had previously filed motions to quash his arrest, to suppress evidence, and to suppress statements. On the date set for a hearing on the motion to quash the arrest, counsel orally moved to withdraw as the defendant's attorney, citing his inability to agree on how to proceed with the case and the defendant's failure to pay his fee. Counsel stated: " 'I don't feel at this point in my career,

11

with a young child in private school and other indebtedness, that I can sit at counsel table and concentrate and give my best to Mr. Falls with him owing me money. It just couldn't happen.' " *Falls*, 235 Ill. App. 3d at 563, 601 N.E.2d at 1280. Counsel was not permitted to withdraw, and the court suggested that it might be feasible to revoke the defendant's bond and, in essence, told the defendant to pay his attorney or risk having his bond revoked and the money turned over to his counsel. The defendant indicated that he was willing to have his bond money turned over to counsel at the conclusion of his case. He later waived a jury trial, and upon his conviction, his bond money was delivered to his counsel. On appeal, the court stated, "[T]he record shows that the defendant was *forced* to proceed with a lawyer, who stated for the record that he could not represent the defendant with his full 'fervor,' to use the judge's word, unless he was paid a sum of money more than the $6,000 the defendant could pay him." (Emphasis in original.) *Falls*, 235 Ill. App. 3d at 567-68, 601 N.E.2d at 1283. At a retrial during which he was represented by a different lawyer, Falls was convicted and again sentenced to 28 years' imprisonment. We note that the Illinois Attorney Registration and Disciplinary Commission (ARDC) conducted a hearing at which the judge who had sat on *Falls* testified on behalf of the attorney after the administrator of the ARDC brought charges of misconduct against Falls's attorney. The ARDC ruled in an extensive decision that Falls's counsel had not engaged in conduct indicative, *inter alia*, of a failure to represent his client with undivided fidelity or a failure to carry out a contract of employment entered into with a client for professional services. *In re Matter of Akim Gursel*, Ill. Att'y Registration & Disciplinary Comm'n No. 1086413 (February 7, 1995).

## CONCLUSION

Subjective impressions, without substantial objective proof, are not sufficient grounds on which to vacate a guilty plea. *People v. Davis*, 145 Ill. 2d 240, 244, 582 N.E.2d 714, 716 (1991). The trial judge who conducted the hearing on the defendant's motion to withdraw

12

his plea was in a superior position to weigh and determine the credibility of the witnesses, to observe their demeanor, and to resolve conflicts between their testimony (see *People v. Jordan*, 218 Ill. 2d 255, 269, 843 N.E.2d 870, 878 (2006)), and he clearly found Lantz's testimony to be more worthy of belief than that of the defendant. We cannot find that his decision to deny the defendant's motion to withdraw his guilty plea was arbitrary, fanciful, or unreasonable.

The trial court's denial of the defendant's motion to withdraw his plea of guilty is affirmed.

Affirmed.

SPOMER, P.J., with DONOVAN and McGLYNN, JJ., concurring.

13

AFFIDAVIT OF AFFIRMATION UNDER PENALTY OF PERJURY

I _____, affiant, do hereby declare and affirm
pursuant to 28 USC 1746, 18 USC 1621, or 735 ILCS 5/109, under penalty of perjury,
that everything contained herein is true and accurate to the best of my knowledge
and belief.  I further declare and affirm that the contents of the forgoing
documents are known to me and are accurate to the best of my knowledge and belief.
Finally, I do declare and affirm that the matter at hand is not taken either
frivolously or maliciously and that I believe the forgoing matter is taken in
good faith.


Signed on this 27 day of April , 200 8


_____
                              Affiant