## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | BLANCHE M. MANNING | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 2614 | **DATE** | May 30, 2008 |
| **CASE TITLE** | U.S. ex rel. Timothy Jones (#B-83715) vs. Warden McCann | | |

**DOCKET ENTRY TEXT:**

The petition is transferred to the United States District Court for the Southern District of Illinois at East St. Louis for preliminary consideration pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254. The case is terminated on this court's docket.

■ **[For further details see text below.]**     Docketing to mail notices.

### STATEMENT

    Timothy Jones, a state prisoner, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner challenges his conviction for predatory criminal sexual assault on the grounds that: (1) the trial court erred in denying the petitioner's motion to withdraw his guilty plea; (2) defense counsel was ineffective in that he had a conflict of interest; (3) the prosecutor was allowed to withdraw from the case and then re-enter an appearance; (4) defense counsel was permitted to continue working on the case after filing a motion to be relieved from representing the petitioner.

    The petitioner was convicted in Randolph County, Illinois. Randolph County lies within the Southern Illinois federal judicial district. *See* 28 U.S.C. § 93(c). Under 28 U.S.C. § 2241(d), a state prisoner is authorized to file a petition for a writ of habeas corpus in either the federal judicial district of his confinement or the federal judicial district of his conviction. However, given the ready availability of court records and, if necessary, potential witnesses, the district in which the prisoner was convicted is generally considered the more convenient of the two. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 493-94 (1973). Accordingly, finding the district of conviction a more desirable forum for this action, the court, pursuant to the discretion granted it under 28 U.S.C. § 2241(d), orders this action transferred to the United States District Court for the Southern District of Illinois at East St. Louis for preliminary consideration under Rule 4 of the Rules Governing Section 2254 Cases. The case is closed on this court's docket.

mjm